IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:11CV92-GCM-DSC

| | |
|---|---|
| **BSN MEDICAL, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) **MEMORANDUM AND ORDER** |
| **AMERICAN MEDICAL PRODUCTS,** | ) |
| **LLC, SEAN McKEOWN and WILLIAM** | ) |
| **MICHALSKI,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** is before the Court on "William Michalski's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative to Transfer to the District of New Jersey," Doc. 11, filed August 12, 2011, "Sean McKeown's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative to Transfer to the District of New Jersey," Doc. 12, filed on August 12, 2011, "American Medical Products, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative to Transfer to the District of New Jersey," Doc. 13, filed on August 12, 2011, and "Conditional Motion by BSN Medical, Inc. To Transfer Action to the United States District Court for the Southern District of Florida," Doc. 37, filed on October 31, 2011 and the parties' associated briefs and exhibits, Docs. 14, 15, 16, 17, 18, 19, 20, 21, 36, 38, 41, 42 and 43.

This matter was referred to the undersigned Magistrate Judge on December 8, 2011, pursuant to 28 U.S.C. § 636(b)(1) and these Motions are now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court grants Defendants' alternative Motion to Transfer Venue to the District of New Jersey, as discussed

1

below.[1]

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff BSN Medical, Inc. ("BSN") is a corporation organized under the laws of the State of Delaware with its principal place of business in Charlotte, North Carolina. Defendant American Medical Products, LLC ("AMP") is a limited liability company organized under the laws of the State of New Jersey with its principal place of business in Eatontown, New Jersey. Defendant Sean McKeown is a resident of the State of New Jersey. Defendant William Michalski is a resident of the State of New Jersey.

BSN is a global supplier of casting, bandaging, traditional wound care, orthopedic soft goods, braces and compression stockings. FLA Orthopedics ("FLA"), a company acquired by BSN in 2007, is involved in the design, manufacture, distribution and sales of spinal bracing products. FLA is the owner of U.S. Patent No. 5,267,948 (the "'948 Patent") for "Body Jacket Closure." FLA marketed and sold a spinal brace incorporating the '948 Patent under the name Cinch-Loc.

In July 2005, Defendants Sean McKeown and William Michalski were hired by FLA and entered into Employment Agreements containing certain restrictions regarding competition with FLA and the use of trade secrets and proprietary materials. Both of the Employment Agreements included a two year non-compete clause and stated that confidential information would remain the exclusive property of FLA. The Agreements further provided that failure to return such information would constitute theft of FLA's trade secrets. Both Agreements inure to FLA's successors and assigns and specifically provide for a transfer of rights and obligations in the event of a merger or

---

[1]This Court treats motions to transfer venue to another federal district as non-case dispositive under 28 U.S.C. § 636(b)(1)(A). Where transfer is appropriate, the Magistrate Judge will not make a recommendation as to any dispositive motions.

sale of assets by FLA.

Defendants Michalski and McKeown's duties included the promotion and sale of FLA products including the Cinch-Loc spinal brace. In 2007, BSN acquired FLA and all of its assets including the '948 Patent and other intellectual property. Defendants Michalski and McKeown's Agreements with FLA inured to BSN.

BSN created documents relating to the Cinch-Loc spinal brace and applied for copyright registration for them. Defendants Michalski and McKeown were provided samples of these documents for use in promoting and selling the Cinch-Loc product. Additionally, Defendants Michalski and McKeown were provided confidential information regarding FLA and BSN's customer lists, pricing, mailing lists and other information that BSN considers trade secrets.

In October 2008, Defendants Michalski and McKeown tendered their resignations. A year later on October 8, 2009, Defendants Michalski and McKeown created AMP as a limited liability company in the State of New Jersey. In November 2010, BSN discovered that Defendants were offering spinal bracing products which are allegedly identical to the Cinch-Loc spinal brace and infringe upon BSN's '948 Patent. Defendants' brochures and application instructions are allegedly identical to BSN's promotional materials and application instructions.

BSN filed suit in this Court on February 22, 2011. On June 1, 2011, BSN filed its "First Amended Complaint," Doc. 7. Specifically, BSN asserts the following claims against all three Defendants: (1) patent infringement of the '948 Patent; (2) copyright infringement of BSN's promotional materials and instructions; (3) breach of contract; (4) misappropriation of trade secrets pursuant to N.C. Gen. Stat. § 66-153 et seq; and (5) unfair competition pursuant to N.C. Gen. Stat. § 17-1.1 et seq.

Defendants have moved under Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil

Procedure to dismiss this action for lack of personal jurisdiction and improper venue. In the alternative, Defendants have moved pursuant to 28 U.S.C. § 1404, to transfer this matter to the United States District Court for the District of New Jersey for the convenience of the parties and witnesses and in the interests of justice. <u>Because the Court finds transfer to be appropriate in this case, the Court will not further discuss the Motions to Dismiss.</u>

## II. DISCUSSION OF CLAIMS

While a court typically decides the question of personal jurisdiction over a defendant before considering venue, the Supreme Court has held that "when there is a sound prudential justification for doing so, . . . a court may reverse the normal order of considering personal jurisdiction and venue." <u>Leroy v. Great W. United Corp.</u>, 443 U.S. 173, 180 (1979). A court need not have personal jurisdiction over a defendant to transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a). See <u>Boyd v. Koch Foods</u>, No. 5:10-CV-349-D, 2011 WL 2413844 at * 2 (E.D.N.C. June 10, 2011) (citing <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466 (1962); <u>O'Neal v. Hicks Brokerage Co.</u>, 537 F.2d 1266, 1268 (4th Cir.1976); <u>Koehring Co. v. Hyde Constr. Co.</u>, 324 F.2d 295, 297-98 (5th Cir.1963); <u>Internatio–Rotterdam, Inc. v. Thomsen</u>, 218 F.2d 514, 515-16 (4th Cir.1955)).

Ultimately, the question of transfer under section 1404(a) is committed to the sound discretion of the district court. See <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988); <u>Brock v. Entre Computer Ctrs., Inc.</u>, 933 F.2d 1253, 1257 (4th Cir.1991). Under 28 U.S.C. § 1404(a), a district court may, "[f]or the convenience of parties and witnesses, in the interest of justice, ... transfer any civil action to any other district or division where it might have been brought." This Court has enumerated eleven factors that a court should consider when deciding whether to transfer a matter pursuant to 28 U.S.C. § 1404(a):

(1) the plaintiff's initial choice of forum; (2) the residence of the parties; (3) the

> relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of a judgment, if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of unnecessary problems with conflict of laws.

Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D.230, 239 (W.D.N.C. 2008)(citing Commercial Equip. Co. v. Barclay Furniture Co., 738 F.Supp. 974, 977 (W.D.N.C.1990); McDevitt & Street Co. v. Fide. and Deposit Co., 737 F.Supp. 351, 354 (W.D.N.C.1990)).

Additionally, under 28 U.S.C. § 1406(a), when a case is filed "laying venue in the wrong division or district," a transfer to "any district or division in which it could have been brought" may be ordered, as an alternative to dismissal, "if it be in the interest of justice." The Fourth Circuit has held that "[w]e have long interpreted that statute [28 U.S.C. § 1406(a)] to authorize transfer where personal jurisdiction is lacking, even though venue might be properly laid." Proctor v. Morrissey, 97 F.3d 1448 (Table) at *4 (4th Cir. 1996). See also, Porter v. Groat, 840 F.2d 255, 257-58 (4th Cir.1988) ("[Section] 1406(a) has been interpreted to authorize broad remedial relief where there are impediments to an adjudication on the merits, and has not been limited to instances where the only impediment is lack of venue. We decide to align ourselves with those jurisdictions giving § 1406(a) a broad construction where, as here, suit would not be barred by limitations if brought in the district of defendant's residence, but would be barred in the district where brought.")); Jenkins v. Albuquerque Lonestar Freightliner, LLC, 464 F.Supp.2d 491, 494 (E.D.N.C.2006)(same).

The Court finds that this case should be transferred to the United States District Court for the District of New Jersey. While Plaintiff's choice of forum is ordinarily accorded considerable weight, that weight is lessened when the conduct giving rise to the complaint did not occur in the

forum. See, e.g., Parham v. Weave Corp., 323 F.Supp.2d 670, 674 (M.D.N.C. 2004); Telepharmacy Solutions, Inc. v. Pickpoint Corp., 238 F.Supp.2d 741, 743 (E.D.Va.2003); Lynch v. Vanderhoef Builders, 237 F.Supp.2d 615, 617 (D.Md.2002). BSN points to the individual Defendants' contacts with BSN in North Carolina during their employment with FLA. However, these contacts all occurred before the individual Defendants resigned from FLA, before Defendant AMP was created in New Jersey, and before the alleged patent and copyright infringement, breach of contract, misappropriation of trade secrets and unfair competition could have occurred. The Court finds that a majority of the events giving rise to the complaint occurred in New Jersey.

As for the residences of the parties, BSN is a Delaware corporation with its headquarters in Charlotte, North Carolina and is registered to do business in New Jersey. The individual Defendants reside in New Jersey and Defendant AMP is a New Jersey limited liability company.

The Court is persuaded that the bulk of the evidence and witnesses are more likely to be in New Jersey where the alleged patent and copyright infringement, breach of contract, misappropriation of trade secrets and unfair competition occurred. This Court cannot compel non-party witnesses located in New Jersey to attend a trial in this district. See, e.g., Fed.R.Civ.P. 45(c)(3)(A)(ii); 15 Charles Alan Wright et al., Federal Practice & Procedure § 3851 (3d ed. 2007) ("Often cited as the most important factor ... is the convenience of witnesses, most particularly non-party witnesses who are important to the resolution of the case.").

Most importantly to the Court in this case, the interests of justice favor transfer to New Jersey. There is no indication that BSN's access to justice will be impaired by transfer of its claims to the District of New Jersey. Personal jurisdiction over all three Defendants in the Western District of North Carolina is disputed. The interests of justice strongly favor transfer so that any award BSN might ultimately win here will not be subject to a successful appeal challenging this Court's personal

6

jurisdiction over Defendants. See First Advisory, LLC v. American Water Star. Inc., No. Civ.A.CCB-04-1690, 2004 WL 2538388 at *4 (D.Md. Nov.9, 2004) (transferring Maryland plaintiff's action and noting "victory subject to being set aside for lack of jurisdiction would be of little value"); Tyler v. Gaines Motor Lines, Inc., 245 F.Supp.2d 730, 734 (D.Md. 2003)(transferring case in interest of justice because the question of personal jurisdiction was a "close one" and "would inject into the case an unnecessary legal issue that would render the entire litigation null and void, if, on appeal, jurisdiction were found to be lacking"); Datasouth Computer Corp. V. Three Dimensional Tech., Inc., 719 F.Supp. 446, 452 (W.D.N.C. 1989)("Courts have held that a change of venue may conserve judicial resources, and serve the interests of the parties as well, if a case is transferred from a forum where there is a difficult question of personal jurisdiction or venue to a district in which there are not such uncertainties.").

Finally, venue is proper in the United States District Court for the District of New Jersey with regard to all Defendants and all claims. See 28 U.S.C. § 1391; 28 U.S.C. § 1400(a)-(b). Therefore, in light of the entire record and for the convenience of parties and witnesses, and in the interest of justice, transfer is appropriate under section 1404(a).

Alternatively, even if venue is proper in this district, transfer may also be appropriate under section 1406(a) in light of the potential impediment to a decision on the merits. See, e.g., Boyd, 2011 WL 2413844 at *3; Porter, 840 F.2d at 257; Jenkins, 464 F.Supp.2d at 494-95. BSN's ability to obtain personal jurisdiction over all three Defendants in the Western District of North Carolina with regard to all the claims asserted in this action remains in doubt. Although all three Defendants dispute being subject to personal jurisdiction in the Western District of North Carolina, they all admit to such jurisdiction in the District of New Jersey. Therefore, transfer is appropriate under 28 U.S.C. § 1406(a).

Having considered the entire record, the convenience of the parties and witnesses, and the interest of justice, this matter would best be resolved in the United States District Court for the District of New Jersey. Accordingly, the Court grants Defendants' Motion to transfer venue. See 28 U.S.C. §§ 1404(a), 1406(a).

Anticipating that the Court may order that this action be transferred, BSN filed it's "Conditional Motion by BSN Medical, Inc. To Transfer Action to the United States District Court for the Southern District of Florida," Doc. 37, asserting that if transfer is found appropriate, the Court should transfer the case to the Southern District of Florida because of a forum selection clause contained in the individual Defendants Employment Agreements.

The Fourth Circuit has held that while a valid forum selection clause does not conclusively establish proper venue, it is "a significant factor that figures centrally in the district court's calculus." Brock v. Entre Comp. Ctrs., Inc., 933 F.2d 1253, 1258 (4th Cir.1991) (quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) ). A forum selection clause may be dispositive if no other factors act to tip the balance in favor of non-enforcement. Id.

In this case, the Court finds that the potential impediment to a decision on the merits with regard to personal jurisdiction and venue again weighs heavily in favor of transferring this case to the District of New Jersey and not the Southern District of Florida. No evidence has been offered that personal jurisdiction and venue would be proper in the Southern District of Florida with regard to every claim and every Defendant. The Court will not transfer a case to a district where the same jurisdictional problems might arise when a district that does not have jurisdictional problems is available. Failure to transfer the entire action would result in a multiplicity of actions, potentially on the same claims, which could lead to inconsistent verdicts. Am. Motorists Ins. Co. v. CTS Corp., 356 F.Supp.2d 583 (W.D.N.C. 2005)(transferring to Northern District of Indiana where "retaining

the action in this Court could lead to inconsistent verdicts."). Consequently, the Court will deny BSN's Conditional Motion for Transfer to the Southern District of Florida.

### III. ORDER

**IT IS HEREBY ORDERED** that:

1. "William Michalski's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative to Transfer to the District of New Jersey," Doc. 11, "Sean McKeown's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative to Transfer to the District of New Jersey," Doc. 12, "American Medical Products, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative to Transfer to the District of New Jersey," Doc. 13, are **GRANTED** and this action is **TRANSFERRED** to the United States District Court for the District of New Jersey.

2. BSN's "Conditional Motion by BSN Medical, Inc. To Transfer Action to the United States District Court for the Southern District of Florida," Doc. 37, is **DENIED.**

3. The Clerk is directed to send the instant file, including this Memorandum and Order, to the Clerk of Court for the District of New Jersey.

4. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Graham C. Mullen.

**SO ORDERED.**	Signed: January 20, 2012

_____
David S. Cayer
United States Magistrate Judge